THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

D.T. and J.H., parents of minor student J.T.,

Plaintiffs,

v.

TAHOMA SCHOOL DISTRICT,

Defendant.

CASE NO. C23-0029-JCC

ORDER

This matter comes before the Court on appeal of a decision by the Office of Administrative Hearings in accordance with 20 U.S.C. § 1415(i)(2). (Dkt. No. 1.) Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court AFFIRMS the administrative decision for the reasons explained below.

**I. BACKGROUND**

J.T., is a 14-year-old with special education needs. (Dkt. No. 10-1 at 104.) J.T. attended a private educational institution in Utah in the Logan City School District beginning in late 2021. (*Id.* at 105.) Prior to that, J.T. lived with her parents in the Issaquah School District. (*Id*. at 104.) In May 2022, while J.T. lived and studied in Utah, her parents moved from Issaquah School District to the Defendant Tahoma School District ("Defendant"). (*Id*. at 105) On June 13, 2022, Defendant issued a written notice of its refusal to fund J.T.'s individualized education plan ("IEP") "because "[J.T.] is not a current Tahoma resident and has never resided in Tahoma." (*Id*.

at 99.) On June 15, 2022, the Logan City School District issued a written notice documenting J.T.'s eligibility for special education but refusing to offer a placement or an IEP because she is not a Logan City School District resident under the applicable Utah residency law. (*Id.*)

On September 2, 2022, J.T.'s parents filed suit with the Office of Administrative Hearings, pursuant to 34 C.F.R § 300.508, alleging Tahoma denied J.T. a free appropriate public education ("FAPE") by refusing to develop an IEP for her. (Dkt. No. 12 at 4.) The Administrative Law Judge ("ALJ") dismissed the parents' complaint on the grounds that J.T. "is not a resident of the Tahoma School District, and [therefore] the District does not have a legal duty to develop an IEP" for her. (Dkt. No. 10-1 at 112.) Plaintiffs filed this appeal seeking reversal of the administrative decision and an order requiring the Tahoma district to develop an IEP, based on the Logan City School District's evaluation. (*See generally* Dkt. No. 1.)

## II. DISCUSSION

### A. Legal Standard

In an appeal of an administrative decision brought under the IDEA, a court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). Disputes arising under the IDEA are subject to the Act's formal procedure requirements, allowing an aggrieved party to log a complaint with a relevant local or state agency before the matter proceeds to a due process hearing. *See Fry v. Napoleon Comty. Schs.*, 580 U.S. 154, 158 (2017). At a due process hearing, an administrative officer will grant relief if they conclude that a child was denied a FAPE. *Id.* If a parent does not receive the relief they desire, they may appeal by filing for judicial review after exhausting administrative procedures. 20 U.S.C. § 1415(l).

While in some respects this appeal is similar to a summary judgment motion, the Court is not bound by the same rules of summary judgment review found in Federal Rule of Civil Procedure 56(c). *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993). Nor

is the standard of review identical to the standard of review in other administrative cases. Instead, it has been characterized as an "intermediate standard of review" between traditional administrative review and *de novo* review. *See Lenn v. Portland Sch. Comm.*, 998 F.2d 1083, 1086 (1st Cir. 1993). Accordingly, a trial to adjudicate issues of fact is not necessarily required in an IDEA review, or "the work of the hearing officer would not receive 'due weight,' and would be largely wasted." *Capistrano Unified Sch. Dist. v. Wartenberg,* 59 F.3d 884, 891 (9th Cir. 1995.) "The court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue. After such consideration, the court is free to accept or reject the findings in part or in whole." *Ash v. Lake Oswego Sch. Dist.*, 980 F.2d 585, 587–88 (9th Cir.1992). Finally, in an appeal of the ALJ's decision, the party challenging the decision bears the burden of proof. *See Clyde K. v. Puyallup Sch. Dist., No. 3*, 35 F.3d 1396, 1399 (9th Cir. 1994).

**B. IDEA**

Under the Individuals with Disabilities in Education Act ("IDEA"), states receive federal funding to provide disabled children with a FAPE. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154 (2017). Providing a FAPE requires adherence to an IEP. 20 U.S.C. § 1401(9). And parents have the right to place their child in an alternative educational setting and to seek reimbursement for that placement if their local school district's placement was not reasonably calculated to provide a FAPE. *See* 34 C.F.R § 300.148. Parents who unilaterally place a child in private school, after receiving an IEP, may seek reimbursement for the costs of special education and related services from the state that the student resides in. *Id*. However the IDEA does not define residency in its operative statute; it leaves the determination of residency to the states. *See J.S. v. Shoreline Sch. Dist.*, 220 F. Supp. 2d 1175, 1191–92 (W.D. Wash. 2022) (applying Washington law to determine residency of student); *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1525 (9th Cir. 1994) (impliedly applying California law).

In this case, the ALJ, applying Washington law, found that J.T. was "not a resident of

Tahoma School District," because J.T. lived in Utah for over a year, and the record contains no evidence that J.T. has ever set foot within Tahoma's boundaries, let alone that she lives or has lived within the boundaries of the Tahoma School District. (Dkt. No. 10-1 at 110–112.) Accordingly, the ALJ ruled that Defendant "does not have a legal duty to develop an IEP for the Student based on the Logan City School District's evaluation." (*Id*. at 112)

Plaintiffs urge the Court to reverse the ALJ's decision and depart from clear precedent on the grounds that applying Washington's "unique" definition of student residence leads to an "absurd" result. (Dkt. No. 12 at 9.) In Washington, a student's residency under IDEA is determined by WAC 392-137-115. *See Ms. S. ex rel. G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1130 (9th Cir. 2003). Under this regulation, a student's residence is "the physical location of a student's principal abode . . . where the student lives the majority of the time." WAC 392-137-115. The following factors may also be considered: (1) the student's mailing address, (2) the student's principal abode may be different than their parents,' (3) the lack of a mailing address does not preclude residency, (4) and whether the student is expected to reside in the address for 20 consecutive days or more. *Id*. The second factors means that under Washington's definition, a student's residency is not co-determined by the parents' residency. (*Id*.)

Plaintiffs take issue with this definition, because they argue it would leave J.T. without any residence and without any means of receiving an IEP. (Dkt. No. 12 at 8.) Instead of applying Washington law, as the ALJ did, Plaintiffs urge the Court to adopt a definition that defines J.T.'s residency based on either future intent or parent's residence. (*Id* at 11–12.) This argument is without merit. First, the ALJ did not deprive J.T. of the right to receive an IEP. Rather, the ALJ correctly applied the law of the state where Plaintiffs reside, as required by the IDEA. *See N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202, 1208 (9th Cir. 2008) ("[A] school district must comply not only with federal statutory and regulatory procedures, but with state regulations as well"). Under Washington law, J.T. is not a Tahoma resident because she lives in Utah. Contrary to Plaintiffs' assertions otherwise, the Court may not rewrite, or selectively apply, Washington

law simply because the current situation inconveniences Plaintiffs.[1]

Moreover, the authority cited by Plaintiffs is unconvincing. As a threshold issue, Plaintiffs' reliance on the definition of residency in other contexts, (*see* Dkt. No. 12 at 10–13),[2] is inapplicable, where the specific definition of residency that applies in the circumstances of public-school enrollment is clear under Washington law. *See* WAC 392- 137-115; WAC 392-172A-01160; *see also Ms. S*, 337 F.3d at 1130. In simple terms, under Washington law, J.T. is a Utah resident because she currently resides there, has lived there for longer than 20 days, and she receives mail there. (Dkt. No. 13 at 2.) This clear application of facts to the law renders Plaintiffs' references to legislative intent and the surveys of other state administrative codes superfluous. *Morales v. TWA*, 503 U.S. 374, 385 (1992) ("it is commonplace of statutory construction that the specific governs the general.")

Lastly, Plaintiffs argue the IDEA preempts Washington law, at least on this issue. (Dkt. No. 12 at 14–16.) But this is belied by the fact that the IDEA delegates the definition of a resident to each state. *See J.S.*, 220 F. Supp. 2d at 1192 ("In fact, the IDEA carefully avoids such standards or uniformity, instead charging states with uniform procedural obligations, to be fulfilled according to the individual state's - and indeed the individual local district's - particular methods.") Moreover, the "mere fact that there is tension between federal and state law is not enough to establish conflict preemption." *CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1724 (9th Cir. 2021) (emphasis added) (*citing MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1118 (9th Cir. 2020)). "'In the absence of irreconcilability' between state and federal law, 'there is no

---

[1] Plaintiffs note that under Utah law, J.T. is also not a Utah resident. Because J.T. resides neither in Washington nor Utah, they argue that RCW 28A.225.215 applies. (Dkt. No. 12 at 18.) It does not apply because J.T. has a legal residence as defined by WAC 392-137-115: the Logan River Academy in Logan, Utah, where J.T. lives the majority of the time.

[2] *Citing Dumas v. Gagner*, 137 Wash.2d 268, 283 (Wash. 1999) (political boundaries); *Kankelborg v. Kankelborg*, 199 Wash. 259, 90 P.2d 1018 (Wash. 1939) (military recruitment); *In re Contested Election of Schoessler*, 140 Wash.2d 368, 998 (Wash. 2000) (eligibility for public office).

conflict preemption.'" *Id*. (quoting *United States v. California*, 921 F.3d 865, 882 (9th Cir. 2019)).

Accordingly, the Court FINDS the ALJ did not err in its application of Washington's residency law to J.T.

**III. CONCLUSION**

For the foregoing reasons, the Court hereby AFFIRMS the ALJ's decision and DENIES Plaintiffs' federal claims appeal pursuant to 20 U.S.C. § 1415(i)(2).

DATED this 16th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE